[No. 8592.]

## H. H. Ditch Company v. Big Stick Ditch Company.

1. Water Rights—*Adjudication of Priorities—Statement of Claim.* The Statement of Claim required by Rev. Stat., secs. 3277 and 3316 likened to a pleading in ordinary actions. Where no amendment thereto is asked or made, other claimants are entitled to rely upon the date of appropriation therein set down, and are not to be charged with a lack of diligence in failing to be present at all times when the claimant presents his testimony.

In general the appropriation cannot be fixed by the decree at an earlier date than that specified in the claim.

2. ——*Amendment of the Statement of Claim,* as of any other pleading, may be allowed, but only upon a proper showing, and upon terms which afford to all others in interest notice and opportunity to be heard.

Where such amendment is allowed further testimony should be received touching the earlier date alleged for the appropriation.

A decree awarding a priority as of a date earlier than that specified in the claim, as 'the date of appropriation, without amendment of the claim, is error.

*Error to La Plata District Court.* Hon. William N. Searcy, Judge.

Messrs. McCloskey & Moody, for plaintiff in error.

Messrs. Russell & Reese, for defendant in error.

Mr. Justice Hill delivered the opinion of the court.

This is a supplemental proceeding for the adjudication of water rights in Water District No. 33. Since the original adjudication, a supplemental petition, which started this proceeding, was, upon November the 27th, 1900, filed praying for an adjudication of priorities of water rights between the several ditches and reservoirs constructed since the former adjudication. The petition was granted, etc., and time fixed for commencement of the hearing, which was before the court. Pursuant to this order, evidence was taken at different times up to about June 19, 1914, at which time special findings and

the decree were made, and an order entered fixing time for exceptions.

The plaintiff in error, The H. H. Ditch Company, filed exceptions and objections to the decree in favor of The Big Stick Ditch Company, etc. Among other things, it prayed that the findings and decree pertaining to the canals of the two companies be set aside, and that the court receive further evidence as to the priorities of both, alleging that the court erred in holding that The Big Stick claim No. 36 was entitled to priority, out of the La Plata river, prior and superior to the rights of the first enlargement of The H. H. Ditch, because the evidence did not warrant such findings. Other exceptions, include the contention that a new hearing should be granted, and further evidence taken, because the claimants under the first enlargement of The H. H. Ditch were advised, and lead to believe, that the date of their appropriation could only be from the date of actual construction work, and not the date when they first commenced other work theretofore, nor when the same was surveyed, for which reason that the date of their priority should be January 21, 1907, in place of May 7th, following, the date they commenced construction work, etc. They set forth numerous facts pertaining to its location, survey, etc., which were all prior to May 7, 1907, and their mistakes, and reasons why the testimony was omitted, together with affidavits of three of the original promoters of this enlargement tending to support the statements in their exceptions and objections. No counter affidavits were filed. They also presented as a further reason why additional testimony should be taken, that the statement and claim of The Big Stick Ditch filed in the proceedings, fixed its date of appropriation by original construction as of June 4, 1907, and not April 20, 1907, the date fixed in the decree. They alleged, that the

other claimants, of which they were one, had a right to rely upon this sworn statement, and that no amended statement had been filed, or permission asked so to do, and that under such circumstances the court was without authority to fix any earlier date than June 4, 1907, the one contained in their statement. They also prayed that upon account of their mistakes and misunderstandings pertaining to their rights, they be permitted to amend their statement of claim by showing that the commencement of their enlargement was January 21, 1907, in place of May 7th, following, as their statement of claim called for. These exceptions and objections were overruled and the decree was made final.

It is conceded that both claimants filed statements in this proceeding as provided for by section 3277, Rev. Stat., 1908, and that no amendments were asked or allowed at any time. The statement of The Big Stick Company was filed June 10, 1913; it states in part that:

"The Big Stick Ditch Company, a corporation, claimant, desiring to avail itself of the provisions and benefits of the statute in such case made and provided, makes and files this its statement of claim to priority for the use of water for irrigation for the waters of the La Plata river; * * *

Eighth: The date of appropriation of water by original construction was June 4th, 1907. * * *

Tenth: The date of appropriation by said enlargement was March 29th, 1909.

Eleventh: The present capacity of said ditch is 40 cubic feet of water per second of time."

The priority for this ditch by virtue of original construction was fixed as of April 20, 1907. The statement of claim of The H. H. Ditch was filed December 30, 1913. It states:

"10. The date of appropriation under this enlargement is May 7, 1907.

11. The amount of water claimed by and through said ditch before this enlargement was 20 cubic feet of water per second of time, and the additional amount of water claimed by and through said ditch by this enlargement is 26 cubic feet of water per second of time.

12. The present carrying capacity of said ditch is over 46 cubic feet of water per second of time."

The priority for this enlargement was fixed as of May 7th, 1907, which makes it junior to that of The Big Stick Ditch by original construction. This is the injury complained of.

The substance of sections 3277 and 3316, Rev. Stat. 1908, concerning this phase of these adjudication proceedings, makes the statement of claim to be filed somewhat similar to a pleading in other actions. They require the setting forth of the respective claims of the parties, and that no evidence shall be received upon behalf of any claimant until such statement has been filed. —*New Mercer Ditch Co. v. Armstrong,* 21 Colo. 357, 40 Pac. 989; *Fort Collins M. & E. Co. v. Larimer & Weld I. Co.,* 61 Colo. 45, 156 Pac. 140.

It is apparent that it was the understanding of the owners of both of these ditches, as well as the attorneys representing them, when these statements were filed, that priorities would only be granted as of the dates set forth in these statements, which appear to be the dates when construction work actually began, without reference to surveys and other matters. This is readily apparent, not only from the showing made by the plaintiff in error when asking to have the matter opened up for further testimony, etc., but also from the record, wherein it discloses that in the taking of testimony neither side cross-examined the witnesses of the other, nor intro-

duced any testimony against the claim of the other, and the record fails to disclose that either was represented when the other put in its testimony, etc.  'Tis true, as counsel say, that counsel for The H. H. Ditch could have been present and watched every step in the proceeding, but it is likewise true, as the record discloses, and is usually the case in such proceedings, that there was a large number of claimants owning sundry ditches upon both the main stream and tributaries, with claims for priorities of many different dates.

The date of appropriation is one of the positive requirements of the statute to be contained in the statement, and when any claimant examined the verified statement of claim of The Big Stick Ditch Company, and saw that the date claimed for its appropriation was after that of the examining claimant's, they would naturally cease to have any concern regarding it, and under such circumstances cannot be said to have not acted with due diligence by failing to be present at all the times when The Big Stick Ditch presented its testimony.  Its statement of claim was filed June 10, 1913, and was not thereafter changed, nor amendments asked for or allowed; in such case the general rule is, that it could not obtain a decree for any earlier date than that called for in its verified statement, without amendments thereto which, as heretofore stated, should be granted upon terms only. —Kinney on Irrigation, (2nd ed.), Vol. 3, Sec. 1574.

In *Crippen v. X. Y. Irr. D. Co.,* 32 Colo. 447, 76 Pac. 792, no objections seem to have been raised concerning the supplemental and amended statement, and we see no reason why such amendment should not be allowed upon proper showing, the same as to any other pleading; but when an earlier date is to be fixed, it should only be when an amendment to the statement is asked for and made, and then only upon terms which will give others inter-

ested their day in court, in connection with the earlier date, after they are advised by the amended statement of such claim. It follows that the court erred in fixing the date of the decree for The Big Stick Ditch at an earlier date than that set forth in its statement of claim, without amendment, etc., and that upon the showing made, when considered in connection with the record. When such an amendment is allowed, further testimony should be permitted concerning the earlier date. The H. H. Ditch Company should likewise be allowed to amend its statement, and introduce further testimony pertaining to its claim. The matter is too important, and waters for irrigation are too great a necessity, to allow any contention concerning them to .be finally disposed of without allowing all parties concerned, who have asked it in due season, to have their day in court after being fully advised as to the claims of each.

The judgment will be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed.*

Mr. JUSTICE WHITE and Mr. JUSTICE TELLER concur.

Decided November 6, A. D. 1916. Time granted to file petition for rehearing. No petition filed.