No. 19,550.

JAMES C. OXANDABURU, ET AL. *v.* EDD WREN.
(360 P. [2d] 108)

Decided March 6, 1961.   Rehearing denied March 27, 1961.

Mr. GLENN G. SAUNDERS, Mr. JACK ROSS, for plaintiffs in error.

Mr. DEAN C. MABRY, Messrs. MOSES & DESOUCHET, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS cause has its genesis in a general water adjudication proceeding in Irrigation Division No. 2, Water District No. 66, in Las Animas county. The case involves the petition filed by Edd Wren, to whom we will refer by name or as claimant, for an adjudication of the priority and amount of water allocated to the "Wren Ditch" on West Carrizo Creek in said water district.

The original Statement of Claim for the "Wren Ditch" was filed in the district court of Las Animas county on September 7, 1949. It was alleged therein that the Wren Ditch "was constructed in 1945" and that the claimant had "continuously used said ditch since 1945." Although the figure "1945" as it now appears in that statement has been crossed out in ink and the figure "1934" inserted, claimant Edd Wren testified that there was no such interlineation in the Statement of Claim when he signed and verified it. The prayer of the Statement of Claim was for a date of appropriation as of June 1, 1945, for 8 cubic feet of water per second of time for agricultural purposes.

By findings and decree entered March 26, 1951, the court awarded the Wren Ditch a decree for 1.5 cubic feet of water per second of time from the normal flow of West Carrizo Creek, and 6 cubic feet of water per

second of time from the flood flow thereof, as of April 30, 1934.

Plaintiffs in error sued to set aside this Wren decree, alleging fraud. While the suit was pending both parties changed counsel. Counsel for plaintiffs in error were not entirely satisfied with the posture of the fraud case, but were concerned because their clients had not had their day in court on the question of the date of Wren's appropriation. Wren's counsel was likewise concerned about the validity of Wren's original decree under the doctrine of *H. H. Ditch Co. v. Big Stick Ditch Co.,* 62 Colo. 313, 162 Pac. 149, where this court disapproved the granting of relief beyond the scope of the pleadings. Therefore, by stipulation of the parties, the adjudication was re-opened, Wren's decree vacated, and permission granted Wren to amend his statement of claim to show the date of 1934 instead of 1945. Notice was given, not only to plaintiffs in error, but to all others who might be adversely affected by the change of date in the statement of claim. Plaintiffs in error protested the claim as amended.

An allegation common to both the original and amended claims is a reference to the map and statement filed for the Wren Ditch in the office of the State Engineer of Colorado on May 25, 1946. The common statement is: "That the ditch was completed as shown by the statement on said map." (The map states that the ditch was constructed in 1945.)

Following hearing on the amended claim the trial court entered a decree, the effect of which was to reinstate the decree originally entered.

Edd Wren claims rights under only one ditch in this proceeding. The ditch involved is the one shown on Exhibit A, the first quarter mile of which runs from its headgate across the S.E. ¼ of the N.E. ¼ of Section 8 in a southeasterly direction through land marked Gauna on this exhibit. At the time the original claim was made by Wren and Exhibit A prepared, Gauna owned the land

thus marked. It was sold to Velarde in 1947. There was also a ditch the headgate of which was a quarter mile downstream. This ditch does not cross Gauna land and is wholly upon Wren property. It is not involved in this proceeding and evidence with regard thereto has no probative value here.

The trial court found that claimant's evidence supported a finding of April 30, 1934, as being the date upon which water was appropriated to beneficial use through the Wren Ditch, and decreed 1.5 cubic feet of water per second of time from the normal flow of the stream, and 6 cubic feet of water per second of time from the flood flow thereof. With reference to the latter portion of the decree awarding 6 cubic feet of flood water, counsel for Wren admit that it is without support in the evidence and agree that as to that matter the decree should be reversed.

We have examined the evidence very carefully and are satisfied that there is no competent evidence to support the finding of the trial court that 1.5 cubic feet of water per second of time was applied to beneficial use through the Wren Ditch as early as 1934. The evidence relating to the use of water in 1934 and thereafter until 1945 was not shown to have been Wren Ditch water. On the contrary, when the evidence is carefully examined it clearly appears that during this period of time the water then used did not cross land belonging to anyone except Edd Wren or his father, who was his immediate grantor. We are satisfied that the original statement of claim correctly recited the date of the construction of the Wren Ditch involved in these proceedings. The trial court erred in awarding priority No. 15 of date April 15, 1934.

The judgment is reversed and the cause remanded with directions to enter a decree fixing the date of priority of the 1.5 cubic feet allocated to the Wren Ditch as of June 1, 1945.

MR. CHIEF JUSTICE HALL not participating.